IN THE DISTRICT COURT OF McCURTAIN COUNTY
STATE OF OKLAHOMA

DONALD W. SHARP, )
)
Plaintiff, )
) Case No. CJ-16-75
vs. ) JURY TRIAL DEMANDED
)
) COURT CLERK'S OFFICE
ESTHER GUERRERO DE GARCIA and ) County of McCurtain, State of Oklahoma
STATE FARM MUTUAL AUTOMOBILE ) FILED
INSURANCE COMPANY, )
)
) VICKI JUSTUS, Court Clerk
Defendants. ) By_____

### PETITION

COMES NOW the Plaintiff, Donald Sharp, individually, by and through his attorney, Kevin T. Sain, and for his cause of action against the Defendant, Esther Guerrero De Garcia, alleges and states as follows:

1. Upon information and belief, Defendant, Esther Guerrero De Garcia, resides in Valliant, McCurtain County, Oklahoma and may be served with process at Rt. 2 Box 925 a/k/a 832 Sandpiper Road, Valliant, Oklahoma 74764.

2. Plaintiff, Donald Sharp, was at the time of the subject collision, and still is, a resident of Idabel, McCurtain County, Oklahoma.

3. The Defendant, State Farm Mutual Insurance Company, is now and at all times relevant to this cause of action was, a company organized and existing under the laws of the State of Oklahoma. Said Defendant is authorized by the Oklahoma Insurance Commissioner and/or required regulatory agencies of the State of Oklahoma to transact business withing the State of Oklahoma and may be served with process through the Oklahoma Insurance Commissioner.



4. Venue is proper in McCurtain County, Oklahoma because, among other reasons, all acts and occurrences, which are relevant to this action, specifically the motor vehicle collision which is the subject of this suit, occurred within McCurtain County, State of Oklahoma. In addition, the Plaintiff is a resident of McCurtain County, Oklahoma.

5. On or about August 13, 2014, Plaintiff was waiting for the light at the intersection of Washington Avenue and Avenue N, in Idabel, Oklahoma. Defendant was traveling West on Washington Avenue approaching the intersection of Washington Avenue and Avenue N, in Idabel, Oklahoma. According to an eye-witness, Defendant's light turned red and Plaintiff's light turned green. Plaintiff began to move forward into the intersection when Defendant ran her red light and struck him in the intersection.

## FIRST CAUSE OF ACTION

6. Paragraphs 1 through 5 are incorporated by reference.

7. Plaintiff states that his injuries were the direct result and proximately caused by the negligence of the Defendant in the following particulars, to-wit:

    A. Defendant failed to yield to Plaintiff's vehicle.

    B. Defendant was not driving her vehicle in a manner that was reasonable and proper taking into consideration all of the circumstances and conditions then and there existing;

    C. Defendant drove her vehicle in a manner so that she did not maintain proper control thereof;

    D. Defendant is guilty of inattention and careless driving;

    E. Defendant failed to keep a proper lookout;

    F.    Defendant did not take proper evasive action that could have avoided the collision; and

    G.    Defendant failed to properly yield to Plaintiff's vehicle by failure to stop for a traffic signal in violation of 47 O.S. §11-202.

8. At the time of impact Plaintiff was thrown about the interior of his vehicle and suffered personal injuries that are severe, permanent, painful and disabling in nature.

9. For his injuries, Plaintiff has been required to seek medical treatment and will be required to seek medical treatment in the future. Plaintiff has suffered mental anguish and physical pain and suffering from his injuries and he will suffer mental anguish, disfigurement, physical pain and suffering in the future. Plaintiff also claims damages for loss of enjoyment of life. Plaintiff has suffered past damages described herein and will suffer future damages described herein for which Plaintiff claims total damages in an exact amount which will be proven at trial, but in excess of $75,000.00.

**WHEREFORE**, the Plaintiff, Donald Sharp, prays for judgment against the Defendant, Esther Guerrero De Garcia, in an exact amount which will be proven at trial, but in excess of $75,000.00, together with his costs, prejudgment and post judgement interest at the highest rate allowed by applicable law, and such further and other relief to which he may show himself entitled.

### SECOND CAUSE OF ACTION

10. Paragraphs 1 through 9 are incorporated by reference.

11. At the time of the wreck on August, 12, 2014, Plaintiff was a covered insured under a policy of automobile insurance issued by State Farm Mutual Automobile Insurance Company Policy No. 1145270-B28-36E, which provided coverage on Donald Sharp's automobile. The policy

3

provided for underinsured motorist coverage in the total amount of $250,000.00 each person and $500,000.00 each accident.

12. Upon further information and belief, the liability insurance proceeds of Defendant, Esther Guerrero De Garcia, are insufficient to pay Plaintiff's damages in full and Defendant is therefore an underinsured motorist as defined under the policy of automobile insurance issued by State Farm Mutual Automobile Insurance Company.

13. Plaintiff will be legally entitled to recover from State Farm Mutual Automobile Insurance Company under the language of the underinsured motorist coverage in the policy once the liability limits of Defendant, Esther Guerrero De Garcia, are exhausted.

WHEREFORE, the Plaintiff, Donald Sharp, prays for judgment against Defendant, State Farm Mutual Automobile Insurance Company, in an amount in excess of $75,000.00, for his injuries, the exact amount of which will be ascertained and proven at trial, together with his costs, prejudgment and postjudgment interest at the highest rate allowed by applicable law, attorney's fees, and such further and other relief to which he may show himself entitled.

Respectfully submitted,

Kevin T. Sain, OBA # 17814
P.O. Box 29
2100 E. Washington, Suite C
Idabel, OK 74745
(580) 208-2880
(580) 208-2886 - Facsimile

Jury Trial Demanded
Attorney Lien Claimed

4